**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-68-DLB**

**JAMES ERNEST GANDY, JR.**                                                    **PETITIONER**

**VS.**                      **MEMORANDUM OPINION AND ORDER**

**WARDEN DAVID LEMASTER**                                         **RESPONDENT**

*** *** *** ***

James Ernest Gandy, Jr. is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Gandy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1), and he recently satisfied his fee-related obligation in this case (Doc # 7-1). That said, the Court has conducted an initial screening of Gandy's petition pursuant to 28 U.S.C. § 2243 and will dismiss it without prejudice.

At bottom, Gandy's petition in this civil action is exceedingly difficult to follow. While Gandy indicates that his present petition concerns the computation of his sentence and release date (*see* Doc. # 1 at 1), his factual allegations and corresponding legal claims are very hard to track (*see id.* at 5-6). Gandy begins by suggesting that certain unnamed prison officials are retaliating against him for pursuing a separate civil rights action and claims this retaliation is causing him to lose credits under the First Step Act. (*See id.* at 5). However, Gandy then begins a confusing narrative in which he discusses, among other things: "a medically approved supplemental feeding bag;" an alleged altercation with two officers involving the destruction of property; payments under the

1

Inmate Financial Responsibility Plan (IFRP); an incident report from April 23, 2023 related to Gandy's presence in the dining area of the prison; two additional incident reports from April 30, 2023, including one related to "an inmate that had contacted a pastor which was the Petitioner's wife about receiving prayer" and another related to Gandy "assisting other inmates with legal work in the law library;" the destruction of other inmates' property; and the confiscation (and subsequent return) of unspecified legal documents. (*See id.* at 5-6). These are just some of the statements that Gandy puts forth in his submission. (*See id.*).

Ultimately, the scattershot nature of Gandy's filing makes it extremely difficult to identify the allegations and claims really at issue in this case. The Court certainly reads any pro se filing charitably and with accommodation. That principle, however, has limits, and, here, the Court simply cannot glean a clear and succinct statement of Gandy's claims. At most, what does appear clear is that Gandy is attempting to pursue numerous separate matters in one cause of action, which is simply not proper.

In light of the foregoing, the Court will dismiss Gandy's current petition. That said, the Court's dismissal will be **without prejudice**. This means that Gandy may file one or more new § 2241 petitions regarding the matters he tried to raise here, and the Court will send him the proper forms to do so. Of course, as a general matter, Gandy must first fully exhaust his administrative remedies before seeking habeas relief from this Court. However, if Gandy does wish to pursue a new habeas action, he may do so by completing and filing a new E.D. Ky. 521 Form in which he more clearly and succinctly articulates his factual allegations and legal claims. Gandy must also pay the applicable $5.00 filing fee, move for leave to proceed *in forma pauperis* by completing and filing both the AO 240

2

and E.D. Ky. 523 Forms, or submit a copy of a BP-199 Form he filed with prison officials requesting that the institution withdraw funds from his inmate account to pay the filing fee.

Accordingly, **IT IS ORDERED** as follows:

(1) Gandy's present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice, and this specific action is **STRICKEN** from the Court's docket;

(2) That said, the Clerk's Office shall send Gandy the following blank forms:

   a. Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [E.D. Ky. 521 Form];

   b. Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; and

   c. Certificate of Inmate Account Form [E.D. Ky. 523 Form];

(3) Gandy may obtain additional copies of the foregoing forms upon request from the Clerk's Office; and

(4) If Gandy wishes to file one or more new § 2241 petitions, he may do so by following the instructions set forth above.

This 4th day of August, 2023.



Signed By:
*David L. Bunning*  DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\Gandy 0-23-068 Memorandum.docx